## WILSON v. SHOCKLEE.

### Opinion delivered November 29, 1909.

1. PLEDGES—EFFECT OF GIVING NOTE AS COLLATERAL.—Where a note for $100 was attached as collateral security to one for $180, and the latter note, with its collateral, was given as collateral security for a note for $1,500, the owner of the $100 note was entitled to its return upon payment of the $180 note, though the note for $1,500 was not paid in full. (Page 371.)

2. LIMITATION OF ACTIONS—MONEY HAD AND RECEIVED.—An action for money had and received is not barred if brought within three years after demand made upon the defendant and his refusal to pay. (Page 372.)

Appeal from Columbia Circuit Court; *George W. Hays,* Judge; affirmed.

#### STATEMENT BY THE COURT.

Mrs. T. M. Shocklee owned a tract of land in Columbia County, Arkansas, known as the "Lane place," which her husband, acting as her agent, rented to Eubanks, Henry & Company for the year 1904, taking a note for the rent in the sum of one hundred dollars, due October 15, 1904, payable to T. M. Shocklee, dated February 2, 1904. On the 2d day of March, 1904, T. M. Shocklee bought a pair of horses of J. E. Farris, for which he

executed his note in the sum of one hundred and eighty dollars. This note of $180 recited that the Eubanks, Henry & Company's note for $100 was attached as collateral security. On the 12th of May, 1908, Farris borrowed of J. B. Wilson the sum of fifteen hundred dollars, and gave a deed of trust on the Lane place, and as collateral security the note of T. M. Shocklee for $180. Mrs. Shocklee deeded the Lane place to J. E. Farris May 16, 1904. The testimony showed that it was understood at the time the deed was executed that the rent note for $100 was to remain the property of Mrs. Shocklee. Appellant however objected to the testimony. The note of T. M. Shocklee to J. E. Farris for $180, which Wilson held as collateral, was paid to Wilson, but he did not surrender the one hundred dollar note that was attached to the $180 as collateral thereto, but retained same, claiming that it was also held by him as collateral security to the debt of Farris which remained unpaid. Wilson collected this latter note during the months of October and December, 1904, the last payment being made December 16, 1904.

This suit was brought by appellee to recover the money collected by appellant on the one hundred dollar note. Appellant denied that appellee owned the note, or that he had wrongfully collected the debt, and set up the statute of limitations. Demand was made on appellant for the money collected by him July 7, 1907, and he refused payment.

This suit was begun in justice's court November 25, 1907, and comes here on appeal from judgment of circuit court in favor of appellee. The facts as above stated are undisputed.

*Stevens & Stevens,* for appellant.

If appellant collected this money as his, though appellee claimed it as hers, an action for money had and received would not lie. 63 Am. Dec. 416; 32 *Id.* 404; 81 *Id.* 234.

*J. M. Kelso* and *J. E. Hawkins,* for appellee.

By collecting the note appellant constituted himself the agent of the owner thereof, and the statute of limitations would not begin to run until the demand for payment and his refusal to pay. 2 Ark. 402; 6 Ark. 381; *Id.* 385.

WOOD, J., (after stating the facts). Appellant cannot set up title in Farris to defeat appellee, for Farris concedes that ap-

pellee owns the note. He never claimed any interest in the note, and the recital of the $180 note showed that the $100 note was held by Farris as collateral security. Therefore appellant must be held to have known that Farris was not the owner of the $100 note. Appellant therefore had no right, after the $180 note was paid, to hold the $100 note as collateral to the debt due him by Farris. He could not appropriate the proceeds of the note owned by appellee to the payment of Farris's debt.

Appellee is not barred by the statute of limitations. She brought her suit within three years after appellant had collected the full amount of the note. The suit was brought within three years after appellee knew that appellant had claimed the proceeds of the note as his own. Appellant must be held to have collected the note for the owner. He held the proceeds for the owner, and the suit was brought within three years after demand made upon him and his refusal to pay.

The prayers granted and refused make the charge of the court conform to the law as above announced.

The judgment is correct.

Affirm.